**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 24-13378

Non-Argument Calendar

————————————

KANAYO DERHEM,

*Plaintiff-Appellant,*

*versus*

BAY HOUSE MIAMI CONDOMINIUM ASSOCIATION,
CHARLES BRUMSTED, JR.,
SEAN ZAHNISER,
MIKE DESIMONE,
JAMES PINKERT, et al.,

*Defendants-Appellees.*

————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:20-cv-22318-KMW

————————————

Before NEWSOM, GRANT, and BRASHER, Circuit Judges.

PER CURIAM:

In June 2020, Kanayo Derhem sued ten defendants, alleging claims of housing discrimination and hostile environment under the Fair Housing Act and state law.  The district court granted summary judgment in the defendants' favor.  Derhem, pro se on appeal, raises various arguments in support of reversal.  None of them have merit, so we affirm.

## I.

In early 2019, Derhem and a co-purchaser, Mojtaba Koosej, bought a three-bedroom condominium unit in Miami, Florida, located within the Bay House Miami Condominium Association. In doing so, Derhem and Koosej agreed to abide by all the Association's rules and regulations.  But in the months after they took title, the Association alleged that Derhem and Koosej continuously broke the rules—namely, by hosting unregistered visitors, leasing rooms within their unit to short-term renters through Airbnb and other platforms, cloning key fobs for unauthorized guests, leaving pet feces in common areas, covering security cameras, and more.  In response, the Association levied fines against Derhem and Koosej for each of those violations and suspended their right to use the building's amenities until those fines were paid.

The friction only escalated as time went on, and in June 2020, Derhem filed a complaint against ten defendants, including the Association, the President of its Board of Directors, Charles Brumsted, Jr., the other board members, the grievance committee

members, and the building's property manager. Derhem, a black transgender woman, alleged that the defendants violated the Fair Housing Act and state law by pursuing "meritless" rule violations and imposing fines on a discriminatory basis. According to the complaint, the defendants would not have taken those actions but for Derhem's race and sex.

After the defendants filed motions to dismiss, Derhem amended the complaint, adding forty-eight additional paragraphs of allegations. The defendants again moved to dismiss, and the district court granted those motions in part. Derhem then filed the second amended complaint, which added Koosej as a co-plaintiff and included six counts.[1] The defendants filed yet another motion to dismiss, this time objecting that Derhem improperly amended certain counts.

Meanwhile, the discovery deadline came and went, and the defendants filed a joint motion for summary judgment. In September 2024, the district court entered an omnibus order granting the defendants' motion to dismiss in part and motion for summary judgment in full. *See Derhem v. Bay House Miami Condo. Ass'n*, No. 20-22318-CV, 2024 WL 5516579, at *1 (S.D. Fla. Sept. 23, 2024).[2] The court entered final judgment for the defendants, and Derhem timely appealed.

---

[1] Koosej is not a party to this appeal.

[2] The district court described this case's "torturous procedural history." *Derhem*, 2024 WL 5516579, at *3. Derhem, the court said, "repeatedly failed to adhere to Court practices, procedures, and deadlines," and fluctuated

## II.

"We review a district court's decision to use its inherent power to strike a pleading for abuse of discretion." *United States ex rel Sedona Partners LLC v. Able Moving & Storage Inc.*, 146 F.4th 1032, 1045 n.8 (11th Cir. 2025). We review a district court's summary judgment ruling de novo, viewing the evidence and drawing all reasonable factual inferences in the nonmoving party's favor. *See McCreight v. AuburnBank*, 117 F.4th 1322, 1329 (11th Cir. 2024).

## III.

Derhem first contends that the district court abused its discretion by striking certain factual allegations from the second amended complaint. "We have explained that a district court has the inherent power to strike a pleading so that it can enforce its orders and ensure prompt disposition of legal actions." *Able Moving & Storage*, 146 F.4th at 1045 n.8 (quotation omitted). It also has "extensive discretion" to disallow an amendment to the complaint when it would cause undue prejudice to the opposing party. *Campbell v. Emory Clinic*, 166 F.3d 1157, 1162 (11th Cir. 1999) (quotation omitted).

---

between counsels and appearing pro se. *Id.* The result was a "nearly unintelligible record," which required "the Court to attempt to piece together Plaintiffs' arguments and evidence through various disparate filings." *Id.* Derhem's appeal does not fare much better; in fact, the appellant's brief includes few citations to legal authorities. Still, we liberally construe pro se filings. *See Carmichael v. United States*, 966 F.3d 1250, 1258 (11th Cir. 2020).

24-13378          Opinion of the Court          5

When the district court partially dismissed the first amended complaint, it gave Derhem leave to amend for a limited purpose: to correct a name and to add Koosej as an indispensable party. Yet the second amended complaint did more; it included new factual allegations, which altered the theories of liability. Not only were those allegations known to Derhem when the first complaint was filed, but discovery had already closed. Because allowing Derhem to proceed on new theories would unfairly prejudice the defendants, the district court acted well within its discretion in striking the new allegations and disallowing further amendments.

**IV.**

Next up is the district court's summary judgment grant to the defendants on Derhem's intentional discrimination and hostile living environment claims under the Fair Housing Act.[3] The Fair Housing Act makes it unlawful to discriminate against any person in the sale or rental of a dwelling "because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(b). When interpreting that Act, we "look to cases interpreting Title VII, which uses language virtually identical to the FHA's." *Fox v. Gaines*, 4 F.4th 1293, 1296 (11th Cir. 2021).

---

[3] Although the second amended complaint included six counts, Derhem develops an argument only with respect to the Fair Housing Act claims on appeal. Derhem has thus abandoned any arguments related to the other counts. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) ("While we read briefs filed by *pro se* litigants liberally, issues not briefed on appeal by a *pro se* litigant are deemed abandoned." (citation omitted)).

To prevail on a disparate treatment claim, a plaintiff may present "direct evidence, circumstantial evidence, or both." *Tynes v. Fla. Dep't of Juv. Just.*, 88 F.4th 939, 944 (11th Cir. 2023). Evidence is "direct" in this context if it "proves existence of the fact in issue without inference or presumption." *Sailboat Bend Sober Living, LLC v. City of Fort Lauderdale*, 46 F.4th 1268, 1281 (11th Cir. 2022) (alteration adopted and quotation omitted). For direct evidence, Derhem alleges that after a grievance committee meeting, Brumsted, the President of the Board, referred to Derhem as a "monkey" in a conversation with some of the committee members.[4] But "remarks by non-decisionmakers or remarks unrelated to the decisionmaking process itself are not direct evidence of discrimination." *Harris v. Pub. Health Tr. of Miami-Dade Cnty.*, 82 F.4th 1296, 1301 (11th Cir. 2023) (quotation omitted). Brumsted did not have the final say about whether to impose fines, and the decisionmaking process was not actively ongoing at the time the comment was made. So the one-off remark—while undoubtedly repugnant, if true—does not qualify as direct evidence of discrimination in this context.

---

[4] Derhem presses other evidence, too, including Brumsted questioning whether Derhem could have children while referring to the building as "family-oriented." Because that remark requires an inference that Brumsted was referencing Derhem's gender identity, it does not qualify as direct evidence. *See Harris v. Pub. Health Tr. of Miami-Dade Cnty.*, 82 F.4th 1296, 1301 (11th Cir. 2023) ("We have held that only the most blatant remarks, whose intent could be nothing other than to discriminate, constitute direct evidence of discrimination." (quotation omitted)).

24-13378                Opinion of the Court                7

Moving on to circumstantial evidence, the district court—drawing on both the *McDonnell Douglas* and "convincing mosaic" frameworks—concluded that Derhem failed to present enough evidence to get past summary judgment, and we agree. *See Derhem*, 2024 WL 5516579, at *8–9. Derhem suggests that the defendants' discriminatory animus was the reason that they imposed fines and suspended amenity access for purported rule violations.[5] The evidence primarily consists of comments that Derhem said Brumsted made: calling Derhem a "monkey" and a "disgrace" to the building, suggesting that Derhem file a discrimination complaint for the elevators taking too long, asking whether a black individual with Derhem was an illegal Airbnb renter, and asking whether Derhem could have kids.

The defendants, however, presented ample evidence that Derhem violated the Association's rules "on a constant and ongoing basis." The Association's governing documents clearly allow for fines and suspensions to be imposed for those violations. Plus, Derhem was not the only one who racked up fines; many residents faced similar consequences when they broke the rules. So the evidence reveals that Derhem's rule violations were the real

---

[5] Another claimed adverse action is that the Association took an unreasonable amount of time to approve Derhem and Koosej's application for occupancy, but the record evidence shows that their application was approved within a similar timeframe as all the others submitted that year. And despite arguments to the contrary, Derhem also had an opportunity to run for a position on the Association's board.

reason the Association took action, rather than discriminatory animus.

Derhem responds that the Association allowed other residents to have roommates, but again the record reveals the whole story. Other residents entered into rental agreements with the Association to split their unit; Derhem did not. Because Derhem did not follow the rules, the defendants took the reasonable step of imposing fines, and when those fines were not paid, suspending amenity access. There is simply not enough evidence to show that the real reason for the adverse actions was illegal discrimination. *See Tynes*, 88 F.4th at 941.

Derhem's claim that the defendants created a hostile housing environment meets a similar fate. To prevail on that claim, Derhem needed to show that race- or sex-based harassment was "sufficiently severe or pervasive so as to interfere with or deprive the plaintiff of her right to use or enjoy her home." *Fox*, 4 F.4th at 1296 n.6 (alteration adopted and quotation omitted); *see also Smelter v. S. Home Care Servs. Inc.*, 904 F.3d 1276, 1284 (11th Cir. 2018). Derhem again emphasizes Brumsted's alleged "monkey" comment, but a single racial epithet, as abhorrent as it is, does not suffice to establish a hostile environment claim. *See Tonkyro v. Sec'y, Dep't of Veterans Affs.*, 995 F.3d 828, 837 (11th Cir. 2021). Taking that comment together with the other evidence Derhem presented, a reasonable jury would not find that the defendants created a hostile housing environment. *See Fox*, 4 F.4th at 1296 n.6. Accordingly, Derhem's Fair Housing Act claims fail.

## V.

Derhem also contends that the district court failed to enter a separate judgment as required by Federal Rule of Civil Procedure 58(a). However, final judgment was entered in a separate document following the district court's omnibus order that disposed of all remaining claims in the action. Although Derhem appears to suggest that the separate document needed to note that some claims were dismissed, rather than resolved on summary judgment, nothing in the federal rules nor our caselaw requires as much. Because the district court fully complied with Rule 58(a), this claim is meritless.

## VI.

Finally, Derhem raises a handful of arguments that were not raised in the district court: that the district court's order conflicted with rulings from Florida's Department of Business and Professional Regulation, that Koosej was denied an opportunity to conduct discovery, and that former counsel was responsible for any errors in the summary judgment briefing. Derhem also claims, for the first time in the reply brief, that the district court erred in granting prevailing party fees to the defendants. These claims are not properly before us, so we do not consider them. *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004).

To the extent that Derhem argues that the district judge was biased in the defendants' favor, that claim fails, too. The only basis for Derhem's argument is that the district court rendered "a disproportionate number of rulings" in the defendant's favor, but

10                    Opinion of the Court                    24-13378

under our case law, adverse rulings alone cannot establish improper judicial bias. *See Hamm v. Members of Bd. of Regents of Fla.*, 708 F.2d 647, 651 (11th Cir. 1983). For that reason, reversal is not warranted on this ground.

★    ★    ★

We **AFFIRM** the judgment of the district court.[6]

---

[6] We also **DENY** Derhem's motion to strike the defendants' brief as moot.